IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM FRIED, Administrator for the Estate of Roy Evans, Jr., *Deceased* 101 West Prospect Ave. Suite 1400 Cleveland, OH  44115-1093 | ) ) ) ) ) | CASE NO. |
| | ) | |
| and | ) ) | |
| AMANDA PAULEY, Individually and as Parent and Next Friend for D. C., Y. E., and R. E. c/o 812 Huron Road E., Suite 490 Cleveland, OH  44115 | ) ) ) ) ) | JUDGE |
| | ) | |
| -vs- | ) ) | AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, WRONGFUL |
| CITY OF STRONGSVILLE, OHIO c/o Neal Jamison, Law Director 16099 Foltz Parkway Strongsville, OH  44149-5598 | ) ) ) ) ) | DEATH AND SURVIVORSHIP CLAIM, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND WANTON AND RECKLESS CONDUCT |
| | ) | |
| and | ) ) | (Jury Demand Endorsed Hereon) |
| JASON MILLER 16888 Royalton Road Strongsville, OH  44136 | ) ) ) | |
| | ) | |
| and | ) ) | |
| SGT. KELLEY 16888 Royalton Road Strongsville OH  44136 | ) ) ) | |
| | ) | |
| and | ) ) | |
| JAMES KOBAK, Former Chief of Police 16888 Royalton Road | ) ) ) | |

| Strongsville, OH  44136 | | |

## I.        Preliminary Statement.

1.    This case challenges the gratuitous, excessive, and objectively unreasonable force members of the Strongsville Police Department used against Roy Evans, Jr., Amanda Pauley, D. C., Y. E., and R. E. on March 7, 2017. It also challenges supervisors in the Strongsville Police Department who proximately caused the excessive force when they failed to supervise their subordinate officers.   On March 7, 2017, Roy Evans, Jr., Amanda Pauley, D. C., Y. E., and R. E.  were unarmed passengers in a red Ford Econoline van owned and operated by Roy Evans, Jr. The Strongsville police intentionally and deliberately violated the law, as well as their operational rules, regulations, policies and procedures, during their pursuit and felony stop of the car containing Roy Evans, Jr., Amanda Pauley, D. C., Y. E., and R. E. All Defendants' acts were clearly established violations of the United States Constitution and Ohio law.

## I.        Jurisdiction and Venue.

2.    Jurisdiction over Defendants' violations of the Civil Rights Act is conferred upon this Court by 28 U.S.C. § 1331, 1343 (3) and (4).

3.    Jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. §1367. This action is brought pursuant to claims arising under the laws of the State of Ohio, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This action is also brought pursuant to 28 U.S.C. §§ 1983, 1985 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees.

4.    Venue is proper in this division.

## II.    The Parties.

5.    Plaintiff Adam Fried is the duly appointed Administrator for the Estate of Roy Evans, Jr. Mr. Fried brings this action as the Administrator of the Estate of Roy Evans, Jr., in his fiduciary capacity, for the benefit of the next of kin and heirs at law of Roy Evans, Jr. Mr. Fried was appointed as the Administrator for the Estate of Roy Evans, Jr. on May 18, 2017 by the Lorain County Probate Court.   Letters of Administration were issued to Mr. Fried on May 18, 2017 in Lorain County Probate Court case no. 2017 ES 00339.  At all times relevant, and at the time of his death, Roy Evans, Jr. was a resident of Lorain County, Ohio.

6.    Amanda Pauley is the mother of D. C., Y. E., and R. E.  Amanda Pauley and her three children were present at all relevant times referenced in this complaint.  She was in a committed relationship with Roy Evans, Jr. for over 10 years immediately prior to his death.  She brings this action for herself individually and on behalf of her three minor children.

7.    D. C. was 15 years old at the time of the events referenced in Plaintiffs' complaint.

8.    Y. E. is the daughter of Amanda Pauley and Roy Evans, Jr.  She was 6 years old at the time of the events referenced in Plaintiffs' complaint.

9.    R. E. is the son of Amanda Pauley and Roy Evans, Jr.  He was 2 years old at the time of the events referenced in Plaintiffs' complaint.

10.    Defendant City of Strongsville, Ohio is a municipality organized under the laws of the State of Ohio.

11.    Defendant Jason Miller was at all times relevant to this action, a police officer employed by the City of Strongsville at the Strongsville Police Department.  Defendant Miller is a

"person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant Miller is sued in his individual and official capacity.

12. Defendant Sgt. Kelley was at all times relevant to this action, a police officer employed by the City of Strongsville and the Strongsville Police Department. Defendant Kelley is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant Kelley is sued in his individual and official capacity.

13. Defendant James Kobak is the former chief of police for the Strongsville Police Department. Defendant Kobak is a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law. Defendant Kobak is sued in his individual and official capacity.

**IV. Facts.**

14. On March 7, 2017 Roy Evans, Jr. was driving a Ford Econoline van on U.S. Highway 71 Southbound. Present in the van with Evans was his girlfriend of over 10 years, Amanda Pauley, Amanda's son, D. C., and Roy and Amanda's two children: Y. E. and R. E.

15. Evans had recently purchased the vehicle.

16. Evans was operating the van within the speed limit.

17. Evans was driving his family home after completing a carpet installation job in a local residence.

18. A Strongsville police officer noticed that the van's headlights were not on and began to pursue the vehicle.

19. Evans continued operating the van southbound on Highway 71.

20. Other Strongsville police officers joined in the pursuit.  Strongsville also notified the State Highway patrol to assist in the pursuit.  At least two Ohio State Highway patrol officers joined in the pursuit.

21. As Evans proceeded southbound on Highway 71, Strongsville police officers drove in front of his vehicle. There were also Strongsville police officers driving behind Evans vehicle.

22. The pursuing Strongsville officers could see inside Evans' van.  Evans was unarmed. The officers could also see that there were other occupants in the van.

23. Evans maintained his vehicle within his lane of travel except when passing other traffic.

24. State Highway patrol officers deployed stop strips across the southbound lanes of travel. Evans vehicle struck the strips and the tires on Evans' vehicle were deflated.

25. Evans' vehicle slowed.  He continued to maintain his vehicle within his southbound lane of travel.

26. The pursuing officers used one of their vehicles to strike Evans' van in an effort to stop Evans' van. The tactic is commonly known as a PIT maneuver.  The purpose of the PIT maneuver was to seize the vehicle and its occupants.  Evans' vehicle spun in response. As a result of the impact, Evans vehicle made contact with one of the Strongsville cruisers and then moved forward.  As Evans' vehicle moved forward, another Strongsville cruiser was pulled in front of Evans vehicle in an apparent effort to further box in Evans' van.  As a result of the maneuver by a Strongsville officer, Evans' van made contact with the Strongsville cruiser.

27. The Evans vehicle was completely immobilized and boxed-in by the Strongsville police cruisers.

28. The Strongsville police officers were able to see inside the Evans van and saw the driver light a cigarette.

29. Prior to initiating physical contact with Evans' van, the Strongsville supervisor had order all officers to maintain cover within their vehicles and follow felony call out procedures rather than rush Evans' van.  Despite the supervisor's order, Officer Jason Miller and another Strongsville officer immediately exited their vehicles and rushed Evans' van.

30. Officers rushed at Evans' vehicle with their weapons drawn.

31. Evans' van was completely stopped.  His hands were on the steering wheel and visible to the officers.

32. Miller pulled open the driver's side door and shot Evans as he did.

33. At the time Miller fired, Evans was unarmed and posed no threat to the officers or anyone else.

34. Miller fired repeatedly.  He paused briefly between each shot.

35. Defendant Kelley was in the immediate vicinity of Miller as Miller rushed Plaintiffs' vehicle.  Kelley failed to intervene to stop Miller's use of deadly force despite having the opportunity to do so.

36. Further, the supervisor on scene failed to call out or take other action to stop Miller from rushing the vehicle despite the supervisor's earlier command to not rush the vehicle.

37. The March 7, 2017 event was the fourth on-duty shooting involving Defendant Miller. Miller had previously shot another unarmed suspect.

38. Defendant Kobak is the former chief of police for the Strongsville police department. Kobak was responsible for monitoring Miller and imposing appropriate supervision and

training.  Kobak failed to properly monitor Miller despite Miller's involvement in repeated use of deadly force incidents.

### V. First Cause of Action—42 U.S.C. §1983.  Excessive Force
### (On Behalf of All Plaintiffs)

39.  Plaintiffs incorporate paragraphs 1 through 38 as if fully rewritten herein.

40.  Plaintiffs' vehicle was incapacitated by the stop strips deployed by the Ohio State Highway patrol.  Each of the vehicle's tires was deflated and the vehicle was clearly slowing in response.

41.  Defendants' use of a PIT maneuver to seize the vehicle and its occupants was excessive under the circumstances.  Strongsville Police Department regulations recognize that such maneuvers present extreme danger and prohibit such contact except where the fleeing offender is wanted for or charged with a life-threatening felony and all other options have failed.  No such circumstances existed in this instance as the pursuit was initiated due to a possible headlight infraction.

42.  Following the PIT maneuver, another Strongsville police officer maneuvered his vehicle in front of the Evans' van so as to again intentionally cause contact with the Evans' vehicle.  This maneuver also presented unreasonable risk of injury and was unwarranted and contrary to departmental policy.

43.  After the Evans' vehicle was disabled and boxed-in, officers rushed the vehicle with their weapons drawn.  Officer Miller fired at least 2 rounds at Roy Evans, Jr.   Amanda Pauley was seated immediately adjacent to Evans and in the direct line of fire.  Her children, D.C., Y.E., and R.E. were immediately behind Evans and within the zone of danger of any errant shot.  Miller's use of force was excessive and made with complete disregard for Amanda and her children.

44.  Evans was fatally wounded.  Evans was completely unarmed and posed no danger to Miller or anyone else.

45.  Miller's use of deadly force under such circumstances violated clearly established law. Miller's use of force was excessive and violated each of the Plaintiff's right to be free from the use of excessive force as guaranteed by the Fourth Amendment.

### VI. Second Cause of Action—42 U.S.C. §1983—Supervisory Liability.
### (On Behalf of All Plaintiffs)

46.  Plaintiffs incorporate paragraphs 1 through 45 as if fully rewritten herein.

47.  Miller's immediate supervisor on scene failed to take appropriate steps to supervise and control Miller.

48.  Seconds before Miller's unlawful use of deadly force, the supervisor in charge of the pursuit had determine that the officers would not rush the vehicle, but rather, would follow felony call out procedures and remain within the safety of their respective police cars.

### VII. Third Cause of Action—42 U.S.C. §1983—Duty to Intervene.
### (On Behalf of All Plaintiffs)

49.  Plaintiffs incorporate paragraphs 1 through 48 as if fully rewritten herein.

50.  At the time of Miller's unjustified use of deadly force, at least one other Sgt. Kelley was in the immediate vicinity of Miller and had the opportunity to intervene to stop Miller's excessive use of force.

51.  Kelley failed to intervene and stop Miller's excessive use of force.

### VIII. Fourth Cause of Action—42 U.S.C. §1983
### *Monell* Claim Against The City of Strongsville
### (On Behalf of All Plaintiffs)

52.    Plaintiffs incorporate paragraphs 1 through 51as if fully rewritten herein.

53.    It is the custom and practice of the City of Strongsville not to properly supervise, train, and discipline its officers.

54.    Strongsville has failed to implement and enforce and effective early warning system to identify officers who may require additional training or other intervention.

55.    Prior to the March 7, 2017 unjustifiable use of deadly force, Officer Miller had been involved in at least one other use of deadly force that resulted in severe injury to the suspect.  Miller had also been involved in other on duty conduct that should have alerted supervisors to his need to retraining and/or other intervention.

56.    Strongsville, through its officials and officers, failed to take appropriate action to retrain Miller.

### IX. Fifth Cause of Action—Intentional Infliction of Emotional Distress.<br>(On Behalf of Plaintiffs Amanda Pauley, Devin Connard, Yasmy Evans, and Roy Evans, Jr. Jr.)

57.     Plaintiffs incorporate paragraphs 1 through 56 as if fully rewritten herein.

58.    Plaintiffs Amanda Pauley, D. C., Y. E., and R. E. watched in horror as their loved one was unjustifiably shot and killed by Officer Miller.

59.    Despite having the means and opportunity to do so, none of the other officers on scene intervened to stop Miller's unlawful use of deadly force.

60.    Through their unreasonable and unlawful conduct, Defendants either intended to cause each of the Plaintiffs emotional distress or knew or should have known that their actions and inactions would result in serious emotional distress.  Defendants' actions toward each of the Plaintiffs was so extreme and outrageous as to go beyond all bounds of decency

and were intolerable.  Defendants' extreme and outrageous conduct directly and proximately caused each of the Plaintiffs to suffer extreme emotional distress.

## X. Sixth Cause of Action—Assault and Battery.
## (On Behalf of All Plaintiffs)

61.   Plaintiffs incorporate paragraphs 1 through 60  as if fully rewritten herein.

62.   The Defendant Officers intentionally and maliciously applied and/or threatened to apply unnecessary and unlawful force against each of the Plaintiffs.

63.   The Defendant Officers did not have the consent of any of the Plaintiffs to apply force.

64.   As a direct and proximate result of Defendants' conduct, Plaintiffs suffered bodily injury and emotional distress.

## XI. Seventh Cause of Action—Wrongful Death.

65.   Plaintiff incorporates paragraphs 1 through 64 as if fully rewritten herein.

66.   Defendants' actions caused the wrongful death of Roy Evans, Jr. resulting in damages recoverable under Ohio Revised Code §2125.02.

67.   Roy Evans, Jr. is survived by his parents and four minor children.

68.   Plaintiff Adam Fried is the duly appointed administrator for the Estate of Roy Evans, Jr. and brings this action pursuant to Ohio Revised Code §2125.01 through §2125.03.

69.   Roy Evans, Jr.'s children and parents have suffered damages for the loss of his services, in addition to the loss of support for his reasonably expected earnings, and the loss of prospective inheritance to Roy Evans, Jr.'s heirs at law at the time of his death.

70.   Roy Evans, Jr.'s children and parents have suffered damages for the loss of his society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

71. Roy Evans, Jr.'s children and parents have suffered mental anguish caused by his death, as well as mental anguish as a result of the circumstances surrounding his death.

72. At the time of Roy Evans, Jr.'s death, next of kin were fixed to the decedent in the following relationships:

- R. E.—son;

- Y. E.—daughter;

- D. T.—son; and

- J. E.—son.

73. Reasonable funeral and burial expenses have been incurred.


## XII. Eighth Cause of Action—Survivorship Claim.

74. Plaintiff incorporates paragraphs 1 through 73 as if fully rewritten herein.

75. Roy Evans, Jr. experienced pre-death agony and conscious pain and suffering, including extreme fright and multiple gunshot wounds that ultimately caused his death as a direct and proximate result of Defendants' actions.

## XIII. Ninth Cause of Action—Willful, Wanton, and Reckless Conduct.

76. Plaintiffs' incorporate paragraphs 1 through 75 as if fully rewritten herein.

77. Defendants failed to exercise due care and acted in a willful, wanton, and reckless manner.

78. Defendants conducted directly caused the wrongful death of Roy Evans, Jr. and caused each of the Plaintiffs to suffer bodily injury and emotional distress.

**WHEREFORE**, Plaintiffs pray that this Court:

A. Award Plaintiffs compensatory damages in an amount to be shown at trial;

B.  Award Plaintiffs punitive damages in an amount to be shown at trial;

C.  Award Plaintiffs reasonable attorney's fees, interest, costs and disbursements;

D.  Grant Plaintiffs such additional relief as the Court deems just and proper.

Respectfully submitted,

s/Joseph F. Scott                                    s/Marcus Sidoti
JOSEPH F. SCOTT (0029780)         MARCUS SIDOTI (0077476)
Scott & Winters                                    Jordan & Sidoti, LLP
The Caxton Building                            The Terminal Tower
812 Huron Road E., Suite 490        55 Public Square, Suite 1900
Cleveland, OH  44115                         Cleveland, OH  44113-2205
216-650-3318                                    440-227-1384
jscott@ohiowagelawyers.com        marcus@jordansidoti.com
Attorney for Plaintiffs                         Attorney for Plaintiff
Amanda Pauley, Individually and      Adam Fried, Administrator of
As parent and next friend of Devon    The Estate of Roy Evans, Jr., *Deceased*
Connard, Yasmyn Evans, and Roy
Evans Jr., Jr.

## Jury Demand

Plaintiffs hereby demand a trial by jury as to all issues.

 s/Joseph F. Scott
JOSEPH F. SCOTT (0029780)